UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WARREN HARDING,

                Plaintiff,

v.                                     **DECISION AND ORDER**
                                            12-CV-981S

ERIC K. SHINSEKI,
*Secretary, Department of Veterans Affairs*,

                Defendant.

## I. INTRODUCTION

Plaintiff Warren Harding commenced this civil action on October 16, 2012, alleging that Defendant unlawfully discriminated and retaliated against him.[1] Presently before this Court is Defendant's motion seeking summary judgment and dismissal of Harding's complaint in its entirety. (Docket No. 25.) For the reasons that follow, Defendant's motion is granted.

## II. BACKGROUND

Harding is a police officer employed by the U.S. Department of Veterans Affairs ("the VA") and has been employed as such since 1996. (Defendant's Statement of Undisputed Facts ("Defendant's Statement"), Docket No. 27, ¶¶ 1–3; Plaintiff's Statement of Undisputed Facts ("Plaintiff's Statement"), Docket No. 30, pp 5-6, ¶ 1.) He works at the Batavia VA Medical Center in Batavia, N.Y. (Defendant's Statement, ¶ 2.)

It is undisputed that on July 1, 2011, Harding left his duty belt containing his loaded

---

[1] Plaintiff has proceeded *pro se* since his attorney's withdrawal on November 21, 2013. (Docket No. 23.) Cognizant of the distinct disadvantage that *pro se* litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court has considered Plaintiff's submissions and arguments accordingly.

9 millimeter semi-automatic weapon and two ammunition clips unattended on the sink of a public bathroom at the Medical Center after using the facilities. (Defendant's Statement, ¶¶ 5, 6, 10, 13; Plaintiff's Statement, ¶ 4.)  The wife of a Medical Center patient found Harding's duty belt and reported it to a Medical Center nurse, who notified her supervisor. (Defendant's Statement, ¶¶ 7–9; Plaintiff's Statement, ¶ 4.)

On July 2, 2011, the VA placed Harding on paid administrative leave due to the previous day's incident. (Defendant's Statement, ¶ 14.) Five days later, the VA detailed Harding to paid administrative duties. (Defendant's Statement, ¶ 15.) On July 19, 2011, the VA proposed to remove Harding from his position as a police officer for failing to safeguard his VA-issued weapon and ammunition. (Defendant's Statement, ¶¶ 17–19; Plaintiff's Statement, ¶ 22.) Harding opposed his removal and remained on administrative duties. (Defendant's Statement, ¶¶ 20, 21, 23.)

Harding has diabetes, and he claimed to the VA that he mistakenly left his duty belt in the restroom after experiencing a diabetic episode. (Defendant's Statement, ¶¶ 4, 11; Plaintiff's Statement, ¶¶ 2, 3.) Presumably as a result of this contention, the VA directed Harding to obtain a medical evaluation to determine whether he was fit for duty as a police officer. (Defendant's Statement, ¶ 16; Plaintiff's Statement, ¶ 21.) Harding was thereafter medically cleared to return to full duty. (Defendant's Statement, ¶ 22.)

Plaintiff returned to full duty as a VA police officer on January 1, 2012, and has remained in that status since. (Defendant's Statement, ¶¶ 28, 29.)

On January 3, 2012, the VA administratively sustained the charge against Harding that he failed to properly secure his weapon and ammunition, but rather than remove

Harding as a police officer, the VA imposed a "paper suspension" of three days. (Defendant's Statement, ¶¶ 24, 25.) Harding still reported to work and was paid. (Defendant's Statement, ¶ 25.) Harding's appeal of his suspension was unsuccessful. (Defendant's Statement, ¶¶ 26, 27.)

On October 17, 2011, Harding filed an administrative discrimination claim against the VA alleging that the VA discriminated against him on the basis of disability by proposing his removal from his position as a police officer at the VA. (Defendant's Statement, ¶ 30.) Harding amended his complaint on January 18, 2012, to add a claim that the VA imposed a 3-day "paper suspension" on him as retaliation for his filing his discrimination complaint in October 2011. (Defendant's Statement, ¶ 31.) The VA dismissed Harding's complaints on July 17, 2012, after which Harding commenced this action on October 16, 2012. (Defendant's Statement, ¶¶ 32, 33.)

### III.  DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn

from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes, 398 U.S. at 158-59.  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

## B.   Harding's Discrimination Claims

Harding alleges that the VA discriminated against him based on his disability in violation of the Americans with Disabilities Act ("ADA") by (1) taking adverse action against him, (2) failing to accommodate him, and (3) retaliating against him.  (Complaint, Docket No. 1, ¶¶ 48-52.)

The ADA, however, does not apply to federal employees like Harding.  Instead, "in the Second Circuit, Section 501 of the Rehabilitation Act provides the exclusive route by which federal employees may raise claims of employment discrimination on the basis of disability." Carby v. Holder, No. 11 Civ. 5775, 2013 WL 3481722, at *8 n.9 (S.D.N.Y. July 10, 2013) (citing Rivera v. Heyman, 157 F.3d 101, 104 (2d Cir. 1998)).  Nonetheless, the ADA provides the substantive standards for evaluation of a claim under Section 501 of the Rehabilitation Act.  See 29 U.S.C. § 791(f) ("The standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.") and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.).

The ADA provides that: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a); Raytheon Co. v. Hernandez, 540 U.S. 44, 124 S.Ct. 513, 515-16, 157 L.Ed.2d 357 (2003). Claims brought under the ADA are analyzed under the same framework as claims brought under Title VII. See Reg'l Econ. Cmty. Action Prog., Inc. v. City of Middletown, 294 F.3d 35, 48-49 (2d Cir. 2002) (noting that plaintiffs may proceed under any or all of three theories under the ADA: disparate treatment, disparate impact, and failure to make reasonable accommodation). Because Harding has not submitted direct evidence to support his claim of discrimination based upon his disability, this Court must employ the burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-26, 36 L. Ed.2d 668 (1973).

This analysis first requires that the plaintiff establish a *prima facie* case of discrimination. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (citing McDonnell Douglas, 411 U.S. at 802). The burden on the plaintiff at this stage of the analysis is *de minimis*. See Texas Dep't of Comt'y Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093, 67 L. Ed.2d 207 (1981)). In fact, no evidence of discrimination is required. James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000). If the plaintiff meets this initial burden and establishes a *prima facie* case, a rebuttable presumption of discrimination arises, and the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment action. Burdine, 450

U.S. at 254.  If the defendant succeeds in making this showing, "the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture."  Weinstock, 224 F.3d at 42 (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11, 113 S. Ct. 2742, 125 L. Ed.2d 407 (1993)).

Assuming that the defendant meets its burden at the second stage, the burden returns to the plaintiff to prove that the defendant's discrimination was intentional.  In this regard, the plaintiff must produce "evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination."  Weinstock, 224 F.3d at 42.  "In short, the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination."  Id.  But "evidence contradicting the employer's given reason—without more—does not necessarily give logical support to an inference of discrimination."  James, 233 F.3d at 154.  Put simply, "[i]t is not enough . . . to disbelieve the employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination."  Id. at 156 (quoting St. Mary's, 509 U.S. at 519).

To make out a *prima facie* case of disability discrimination under the ADA, the plaintiff must submit evidence that (1) the defendant is covered by the ADA, (2) he is disabled within the meaning of the ADA, (3) he can perform the essential functions of his job with or without a reasonable accommodation, and (4) he was subject to an adverse employment action because of his disability and/or his employer failed to make a reasonable accommodation.  See Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 149-50 (2d Cir. 1998) (citing Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 869-70 (2d Cir. 1998)); Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir.

2004).

Having examined the record in this case, this Court finds that Defendant is entitled to summary judgment on Harding's discrimination claims. First, there is no evidence whatsoever that the VA discriminated or took adverse action against Harding because he had diabetes. Harding himself states that he is "in no way questioning the suspension I received." (Docket No. 30, p. 4.) Although Harding argues at length that the VA should have assisted him in the detection, diagnosis, and perhaps treatment of his diabetes, see Docket No. 30, there is no evidence that the VA suspended him or sought his dismissal as a police officer because he was a diabetic.[2] Moreover, the VA easily meets its burden of demonstrating that it suspended Harding for a legitimate, non-discriminatory reason, that being his failure to properly secure his weapon and ammunition on July 1, 2011, in accordance with VA firearms protocol.

In addition, Harding has not come forth with any evidence that he requested an accommodation from the VA or explained how an accommodation would assist him in performing his duties as a police officer. See McBride v. BIC Consumer Prods. Mfg. Co., Inc., 583 F.3d 92, 97 (2d Cir. 2009) (noting that the plaintiff "bears the burdens of both production and persuasion as to the existence of some accommodation that would allow her to perform the essential functions of her employment"). Harding complains that the VA failed to inform him of certain 'finger prick" and medical results relating to his blood-sugar levels, but this is not evidence supporting a reasonable-accommodation claim. In short,

---

[2]To the extent Harding argues that the VA was negligent in failing to advise him of certain medical results (high blood sugar levels), any such negligence is insufficient to support his discrimination claims, which require proof of discriminatory animus. Further, Harding presents no evidence of a nexus between the VA's alleged failure to provide him medical information in May 2011 and his failure to secure his weapon and ammunition in July 2011.

the record before this Court contains no evidence that Harding requested any accommodation from the VA related to his diabetes nor any evidence that the VA denied a requested accommodation.

Finally, there is no evidence in the record from which a reasonable jury could conclude that the VA suspended Harding in retaliation for him filing a discrimination claim in light of the undisputed evidence that Harding left a loaded weapon and two ammunition clips in a public restroom at the Medical Center, thereby creating a clear and present danger. No fact finder reviewing the evidence of record could conclude that a retaliatory motive played any part in Harding's suspension, which was clearly a legitimate, non-discriminatory, non-retaliatory employment action.

## IV.  CONCLUSION

Harding has failed to step forth with any evidence that the VA discriminated or retaliated against him because he is disabled. Defendant is therefore entitled to summary judgment on each of Harding's claims.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket No. 25) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: September 30, 2015
      Buffalo, New York

                                                    /s/William M. Skretny.
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge